Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:  (212) 292-5390
Facsimile:  (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP.,<br><br>*Plaintiff*<br><br>v.<br><br>666668, 13 BLOCKS, 1966HUSHUIJIN, 1988ORNAMENTS, ABCDEFGH, ACAIFENG258, ACERMALL, AILISIYY, AIQING, AKI_Z, ALLLILI, ALWAYSLAST, ANPRO, ARUHENG, AZIMEOWSHOE, B5M, BADGUY, BAOSHUHUA, BB QUEEN, BEIJINGTIANSHUNJIAYEKEJIYOUXIANGONGSI, BEST SERVICE NO1, BEST STOCK, BETTER LIVE TO, BETTER LIVING STORE, BNMSWRF, BOHAO, BOOMSHAKAWA, BOYUE7303, BRIDGETXIE, BUERSKY, CAPSENDLY, CCMY, CHANGSHASHIYINYUANYINSHIZHIPINYOUXI ANZERENGONGSI, CHENBINGHOUSE, CHENCHEN168, CHENDONGYANZAHUOPU, CHENYANG168, CHENYINDDD, CHENZIYU, CHONGZISHOP, CHUN_GUANG, CQFABC, CQLSTORE, CYNTHIA STORE, CZYOUTH0201, DAMAIJIASHOP, DAPANGSTORE, DHYYOUTH0101, DHYYOUTH0103, DHYYOUTH0116, DHYYOUTH0124, DON'T BE A OLD WOMAN, DREM TREE STORE, DUANZEWANGLUO, E-COMMERCE CO., LTD. | **CIVIL ACTION No.<br>18-cv-6850 (CM)**<br><br>[~~PROPOSED~~]<br>**FINAL DEFAULT JUDGMENT<br>AND PERMANENT<br>INJUNCTION ORDER** |

YONGJIA YONGTUO, EDELWEISSBLOOM, EGFERHJYTKIU, EKOSA STORE, FAFAYOU, FAMILY DENG, FENGYANQING STORE, FLYSPEED, FORTELANT, FRGTHYX, FULONGFEI123, FUSHANWJU, GEGESHICHENYKAIQOQ, GO GOU, GOGOLARRY, GOLDFIELD, GONGJIAHAO, GONGJIAHAO123, GORGEOUS GARDENS, GUANGZHOU TOTOP CO.,LTD, GUOYATING, HAERBINGUCHICOLTD, HAININGJIESHENCOLTD, HAOHANZHIHAI, HAPPY SHOPPING HAPPY DAY, HEALTHY DRINKING WATER AND GOOD WATER, HESHUJING, HESPERIS, HGRUWIRIWOO998, HNGCYOU0132, HNGCYOUTH0134, HOKAGE NINJIA, HOME KITCHEN CENTER 30, HOMEEE, HOP WITH YOUR FEELING, HUANGCHENCHEN33, HUANGYIKE, HUANXINMALL, JCUAN, JHAJSFBS, JIAHAOHOME, JIANGYANHOUSE, JIUGUIYIJIA, JOYTIME, JUST_YOUR_STYLE, JUYONGYU147258, JXLHGUD, KAFEIJIU520, KARRIQIANGSU, KONGAIJU, KONHANI, LCY1213, LEADS0574, LEE FASHION, LENGCHANGFA, LIANGLIANG2019, LIDIAODIANSHANG, LIHONGFANS, LIQEE, LISEA, LITTJUN456, LIUCHENG2017, LIUWEI55, LIUXIAOLONG357, LIUZHONGXIAOKKSS, LIZHONGBIN and LONGOUSHANGMAO,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Ideavillage** | Ideavillage Products Corp. | N/A |
| **Defendants** | 666668, 13 Blocks, 1966hushuijin, 1988ornaments, abcdefgh, acaifeng258, Acermall, ailisiyy, aiqing, Aki_Z, allLiLi, Alwayslast, Anpro, aruheng, Azimeowshoe, b5m, BADGUY, baoshuhua, BB Queen, beijingtianshunjiayekejiyouxiangongsi, Best Service No1, best stock, better live to, better living store, bnmswrf, BOHao, boomshakawa, boyue7303, Bridgetxie, buersky, capsendly, CCMY, changshashiyinyuanyinshizhipinyouxianzerengongsi, chenbinghouse, chenchen168, chendongyanzahuopu, chenyang168, chenyinDDD, Chenziyu, chongzishop, chun_guang, cqfabc, CQLStore, Cynthia Store, czyouth0201, DAMAIJIASHOP, dapangstore, dhyyouth0101, dhyyouth0103, dhyyouth0116, dhyyouth0124, don't be a old woman, Drem tree store, Duanzewangluo, E-Commerce Co., Ltd. Yongjia Yongtuo, Edelweissbloom, egferhjytkiu, EKOSA STORE, fafayou, family deng, fengyanqing store, flyspeed, Fortelant, frgthyx, fulongfei123, FUSHANWJU, gegeshichenykaiqoq, go gou, GogoLarry, goldfield, gongjiahao, gongjiahao123, Gorgeous gardens, guangzhou totop co.,ltd, guoyating, haerbinguchicoltd, hainingjieshencoltd, haohanzhihai, Happy shopping Happy day, Healthy drinking water and good water, heshujing, Hesperis, hgruwiriwoo998, hngcyou0132, hngcyouth0134, Hokage Ninjia, HOME KITCHEN CENTER 30, homeee, hop with your feeling, huangchenchen33, huangyike, Huanxinmall, Jcuan, JHAJSFBS, jiahaohome, jiangyanhouse, jiuguiyijia, joytime, Just_Your_Style, juyongyu147258, JXLHGUD, kafeijiu520, karriqiangsu, kongaiju, konhani, lcy1213, leads0574, LEE fashion, lengchangfa, liangliang2019, Lidiaodianshang, lihongfans, liqee, LiSea, littjun456, liucheng2017, liuwei55, liuxiaolong357, liuzhongxiaokkss, lizhongbin and longoushangma | N/A |
| **Defaulting Defendants** | 666668, 13 Blocks, 1966hushuijin, 1988ornaments, acaifeng258, Acermall, Aki_Z, allLiLi, Alwayslast, aruheng, BADGUY, Best Service No1, best stock, better live to, better living store, bnmswrf, boyue7303, buersky, capsendly, chenchen168, chendongyanzahuopu, chenyang168, chenyinDDD, cqfabc, CQLStore, Cynthia Store, DAMAIJIASHOP, dapangstore, don't be a old woman, Drem | N/A |

i

| | | |
|---|---|---|
| | tree store, Duanzewangluo, E-Commerce Co., Ltd. Yongjia Yongtuo, egferhjytkiu, EKOSA STORE, fengyanqing store, flyspeed, frgthyx, FUSHANWJU, gegeshichenykaiqoq, go gou, Gorgeous gardens, guoyating, hainingjieshencoltd, haohanzhihai, Happy shopping Happy day, Healthy drinking water and good water, heshujing, hgruwiriwoo998, hngcyouth0134, HOME KITCHEN CENTER 30, homeee, hop with your feeling, huangyike, JHAJSFBS, joytime, juyongyu147258, JXLHGUD, kafeijiu520, karriqiangsu, kongaiju, lcy1213, leads0574, LEE fashion, lengchangfa, liangliang2019, Lidiaodianshang, liucheng2017, liuwei55, liuxiaolong357, liuzhongxiaokkss, and longoushangmao | |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on July 31, 2018 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on July 31, 2018 | Dkt. 9 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) order restraining assets and Merchant Storefronts (as defined *infra*); 3) order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service by electronic means and 5) an order authorizing expedited discovery filed on July 31, 2018 | Dkts. 18-23 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 21 |
| **Lombardo Dec.** | Declaration of Loriann Lombardo in Support of Plaintiff's Application | Dkt. 19 |
| **Wolgang Dec.** | Declaration of Spencer Wolgang in Support of Plaintiff's Application | Dkt. 20 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Assets and Merchant Storefronts; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Alternative Service by Electronic Means and 5) Order Authorizing Expedited Discovery entered on August 2, 2018 | Dkt. 8 |
| **Show Cause Hearing(s)** | August 16, 2018 and September 10, 2018 hearings to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | September 20, 2018 Preliminary Injunction Order | Dkt. 29 |

| User Account(s) | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
|---|---|---|
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Egglettes Product | A set of non-stick silicone pods that are designed to cook and make perfect hard-boiled eggs and omelets, which are marketed and sold under the distinctive EGGLETTES trademark | N/A |
| Egglettes Mark | U.S. Trademark Registration No. 5,500,970 for the wordmark "EGGLETTES" for goods in Class 21 | N/A |
| Egglettes Works | U.S. Copyright Reg. PA 2-106-754, covering the Egglettes Commercial and U.S. Copyright Reg. VA 2-094-787, covering the Egglettes Packaging Instructions and Recipe Book | N/A |
| Counterfeit Products | Products bearing or used in connection with the Egglettes Mark and/or Egglettes Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Egglettes Mark and/or Egglettes Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Egglettes Mark and/or Egglettes Works and/or products that are identical or confusingly or substantially similar to the Egglettes Product | N/A |
| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| Financial Institutions | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies | N/A |

| | | |
|---|---|---|
| | that engage in the processing or transfer of money and/or real or personal property of Defendants | |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on December 9, 2019 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |
| **Wish Discovery** | The supplemental report identifying Defendants' Infringing Product Id, Merchant Id, Merchant Real Person Name, Email Address, Physical Address, Product Lifetime Units Sold and Product Lifetime GMV, provided by counsel for ContextLogic to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Egglettes Mark and Egglettes Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages against each of the Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest, for a total of Four Million Eight Hundred Thousand Dollars ($4,800,000.00), as follows:

   a. an award of $50,000.00 in statutory damages against the following fifty-nine (59) Defaulting Defendants, totaling $2,950,000.00: 666668, 13 Blocks, acaifeng258, allLiLi, aruheng, capsendly, DAMAIJIASHOP, dapangstore, Duanzewangluo, E-Commerce Co., Ltd. Yongjia Yongtuo, egferhjytkiu, fengyanqing store, flyspeed, frgthyx, FUSHANWJU, go gou, Guoyating, hainingjieshencoltd, Healthy drinking water and good water, Heshujing, hgruwiriwoo998, hngcyouth0134, hop with your feeling, kafeijiu520, karriqiangsu, leads0574, liucheng2017, longoushangmao, better living store, buersky, chendongyanzahuopu, kongaiju, liuwei55, liuzhongxiaokkss, Aki_Z, Best Service No1, chenchen168, lengchangfa, best stock, don't be a old woman, haohanzhihai, juyongyu147258, chenyinDDD, better live to, liuxiaolong357, chenyang168, Drem tree store, Happy shopping Happy day, joytime, Acermall, Alwayslast, homeee, lcy1213, Gorgeous gardens, Bridgetxie, liangliang2019, huangyike, JHAJSFBS and boyue7303;

   b. an award of $75,000.00 in statutory damages against the following four (4) Defaulting Defendants, totaling $300,000.00: JXLHGUD, gegeshichenykaiqoq, Cynthia Store and bnmswrf;

   c. an award of $100,000.00 in statutory damages against the following one (1) Defaulting Defendant, totaling $100,000.00: 1988ornaments;

2

d. an award of $125,000.00 in statutory damages against the following two (2) Defaulting Defendants, totaling $250,000.00: CQLStore and BADGUY;

e. an award of $150,000.00 in statutory damages against the following two (2) Defaulting Defendants, totaling $300,000.00: HOME KITCHEN CENTER 30 and EKOSA STORE;

f. an award of $200,000.00 in statutory damages against the following two (2) Defaulting Defendants, totaling $400,000.00: LEE fashion and cqfabc;

g. an award of $250,000.00 in statutory damages against the following two (2) Defaulting Defendants, totaling $500,000.00: Lidiaodianshang and 1966hushuijin;

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Egglettes Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Egglettes Mark and/or incorporating the Egglettes Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Egglettes Works;

   B. directly or indirectly infringing in any manner Plaintiff's Egglettes Mark and Egglettes Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Egglettes Mark and Egglettes Works to identify any goods or services not authorized by Plaintiff;

D. using Plaintiff's Egglettes Mark and Egglettes Works, or any other marks or artwork that are confusingly or substantially similar to the Egglettes Mark and Egglettes Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;
   ii. Defaulting Defendants' Assets; and
   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by

Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Egglettes Mark and Egglettes Works or bear any marks or artwork that are confusingly or substantially similar to the Egglettes Mark and Egglettes Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

- C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

- A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

- B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV. Post-Judgment Asset Transfer and Asset Freeze Order

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such

Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties

7

Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

- A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and
- B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served

upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## V. Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## VI. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 9th day of January, 2020, at 11:00 a.m.

_____
HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

10